UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY R. DALIET                          CIVIL ACTION

VERSUS                                   NUMBER: 13-5169

LEON A. CANNIZZARO, JR.                  SECTION: "F"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Larry R. Daliet, against defendant, Leon A. Cannizzaro, Jr., District Attorney for the Parish of Orleans.

Larry R. Daliet, plaintiff herein, is a federal pre-trial detainee who is presently housed at the Federal Medical Center in Butner, North Carolina.[1]/  In the above-captioned lawsuit which he drafted on May 24, 2011 but which was only recently allotted as a result of various filing deficiencies, plaintiff seeks to enjoin D.A. Cannizzaro from pursuing state firearm charges against him in case No. 502895 on the docket of the Orleans Parish Criminal District Court.

_____

[1]/ Plaintiff faces federal firearm charges here, U.S.A. v. Daliet, No. 11-CR-0100"J"(5), as well as the possible revocation of his supervised release following an earlier firearm conviction. See U.S.A. v. Daliet, No. 07-CR-0004"L"(4).

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915.  A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or it if fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  <u>See also</u> 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff herein seeks to enjoin D.A. Cannizzaro from pursuing state firearms charges against him in case No. 502895.  As reflected by the docket master in that case, a copy of which is attached hereto, that charge was <u>nolle prossed</u> by the State on June 15, 2012 in deference to the fededral prosecution that Daliet faces here.  That being the case, plaintiff's claims in the present case have been rendered moot.  Even if that were not so, D.A. Cannizzaro enjoys absolute immunity in his individual capacity for his actions in initiating and pursuing the State's case.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S.Ct. 984 (1976); <u>Young v. Biggers</u>, 938 F.2d 565, 569 (5th Cir. 1991).  To the extent that Cannizzaro is being sued in his official capacity, such is equally unavailing here as

plaintiff makes no allegation that an official policy or custom was a cause in fact of the alleged deprivation at issue. McQueen v. Williams, No. 11-CV-0724, 2011 WL 2182113 at *4 (E.D. La. Apr. 26, 2011), adopted, 2011 WL 2181380 (E.D. La. June 2, 2011). Accordingly, it will be recommended that plaintiff's suit be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __8th__ day of _____August_____, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

3